IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**FELIX A. OKAFOR,**

      Petitioner,

v.                                                                    Civil Action No. 5:20cv121
                                                                       (BAILEY)

**BRYAN M. ANTONELLI, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On June 22, 2020, the petitioner, Felix Okafor, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges his sentence in the Eastern District of North Carolina. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the petitioner's Criminal Case No. 5:12-cr-59-H-1 in the United States District Court for the Eastern District of North Carolina available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. ***Philips v. Pitt Cnty. Mem Hosp.***, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); ***Colonial Penn. Ins. Co. v. Coil***, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On July 11, 2013, the petitioner was found guilty by a jury of conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana and 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (Count One); maintaining a dwelling for the purpose of manufacturing and distributing marijuana and heroin, in violation of 21 U.S.C. § 856 (Count Two); distribution of a quantity of marijuana and heroin when within 1000 feet of the real property comprising a public secondary school, in violation of 21 U.S.C. § 860 (Count Three); distribution of a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Counts Four, Six, Eight, and Ten); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Five); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C) (Counts Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-one, Twenty-three, and Twenty-five); and possession with the intent to distribute a quantity of heroin and a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Twenty-four).

Following preparation of the Presentence Investigation Report ("PSR"), the base offense level was calculated to be 32 and following a two-level adjustment pursuant to the United States Sentencing Guidelines ("USSG") § 2D1.1(b)(12) and a two-level adjustment pursuant to USSA § 3B1.1(c), the adjusted offense level was calculated to be 36. [Doc. 112]. No adjustment for acceptance of responsibility was applied pursuant to the Petitioner's not guilty plea to all counts and trial by jury, and the telephone's level was 36. The petitioner did not make any written objections to the PSR.

At a sentencing on April 10, 2014, the Petitioner's counsel objected to the drug weight attributed to the petitioner, and the court granted in part and denied in part the

objection. The court's decision resulted in a base offense level of 26, and a total offense level of 30. Accordingly, the court sentenced the petitioner to 97 months as to Counts One, Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-two, and Twenty-four, to run concurrently; 60 months as to Count Five to run consecutively; and 300 months as to Counts Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-one, Twenty-three, and Twenty-five, each to run consecutively, for a total term of imprisonment of 3157 months.

The petitioner timely filed an appeal, and the judgment was affirmed by unpublished written opinion by the Fourth Circuit Court of Appeals on March 2, 2015. [Doc. 153]. The mandate issued on May 5, 2015. [Doc. 157]. On February 10, 2016, the petitioner filed a motion to reduce a sentence regarding the Drug Quantity Table Amendment pursuant to Standing Order 14-S0-01. [Doc. 159]. This motion was granted, reducing the term of imprisonment of 97 months to 78 months on each of Counts One, Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-two, and Twenty-four, to remain concurrent. [Doc. 160]. The term of imprisonment for all other counts remained in effect. *Id.*

On June 13, 2016, the petitioner filed a motion to vacate under 28 U.S.C. 2255. [Doc. 162]. The petitioner raised nine ineffective assistance of counsel claims that he claimed resulted in an alleged "constitutional violation of his Fifth, Six, Fourteenth amendment rights to due process." [Doc. 162-1 at 3]. On December 18, 2017, the district court granted the Government's motion to dismiss and dismissed the Petitioner's 2255 motion. In addition, the court declined to issue a certificate of appealability. [Doc. 177]. The petitioner filed a notice of appeal on January 2, 2018. [Doc. 179]. On April 3,

2018, the Fourth Circuit denied the petitioner a motion for a certificate of appealability and dismissed the appeal. [Doc. 184].

On July 15, 2019 the petitioner filed a Motion for Reduction of Sentence under the First Step Act Section 404. [Doc 19]. On July 17, 2019, the Federal Public Defender was appointed as counsel to determine whether the petitioner might qualify to seek a reduction of sentence. [Doc. 1 and 92]. On November 22, 2019, the Federal Public Defender filed a motion to withdraw as counsel of record. In support of the motion, counsel indicated that after thorough review of the petitioner's case file for The first Step Act issues, including contemporaneous notice to the petitioner of the analysis and conclusions, counsel did not intend to present any motions before the court. [Doc 196].

On April 29, 2020, the court granted counsel's motion to withdraw. [197]. It appears the Petitioner's motion for reduction of sentence remains pending. According to the BOP, the Petitioner's projected release date via a good conduct time is currently November 12,  2234. **See bop.gov/inmateloc/.**

### III. Instant § 2241 Petition

The petitioner attacks both his conviction and sentence. More specifically, the petitioner alleges that conspiracy is not a crime of violence, and therefore, his 924(c) conviction must be vacated. As support for his allegation, the petitioner relies on ***United States v. Davis***, 139 S.Ct. 2319 (2019) and ***United States v. Simms***, 914 F.3d 229 (4th Cir. 2019). In addition, the petitioner alleges that the District Court's "execution of [his], current sentences and the subsequent imposition of financial penalties, including a statutory mandated  special assessment on each counts of the conviction renders [his] sentence not truly concurrent. [Doc. 1 at 7]. For relief, the petitioner requests that this

4

Court "vacate the 924(c) conviction that was predicated on the conspiracy conviction and vacate the concurrent sentences on Counts Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-two, and Twenty-four because the imposition of the concurrent sentences and the subsequent imposition of the mandatory special assessment rendered the "execution" of the sentences on each of the count of conviction not truly concurrent and inapplicable." *Id.* at 9. Finally, the petitioner requests vacatur of the special assessment. *Id.*

### IV. Standards of Review

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of

5

liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, the petitioner unequivocally challenges the validity of his conviction and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. **See In re Vial**, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," **Vial**, 115 F.3d at

6

1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. **Young v. Conley**, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. **In re Jones**, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. **United States v. Wheeler**, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in **Wheeler**. **Id.** In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. **Id.** at 426. The petitioner bears the burden of

establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), *aff'd*, 573 F.App'x. 268 (4th Cir. 2014).

### V. Analysis

Although the petitioner does not address the savings clause, he is not entitled to its application because he misconstrues the import of *Davis* and *Simms* on his conviction under 924(c). Under *Davis*, in which the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, the Supreme Court announced a newly recognized right by finding § 924(c)'s residual clause to be unconstitutionally vague.[2] 139 S.Ct. at 2336. Likewise, in *Simms*, the Fourth Circuit held that a crime of violence" as defined in § 924(c)(3)(B) ("the residual clause") is unconstitutionally vague. 914 F.3d at 23-37. *Simms* involved a Hobbs Act conspiracy.

However, § 924(c) criminalizes carrying or using a firearm in furtherance of a crime of violence or **drug trafficking crime**. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a

---

[2] Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B). § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

8

"drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46. The petitioner was convicted of multiple counts under the Controlled Substances Act, and it is pertinent to note that 21 U.S.C. 846 provides that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the subject of the attempt or conspiracy. None of the petitioner's convictions were for a crime of violence, and Counts Five, Seven, Nine, Eleven, Thirteen, Fifteen, Seventeen, Nineteen, Twenty-one, Twenty-three, and Twenty-five  specifically charged the petitioner with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). Therefore, neither **Davis** nor **Simms** calls into question the validity of his convictions or sentence.

The petitioner also sets forth a protracted statement of case law regarding concurrent sentences and the implication of special assessments. In ***Ray v. United States***, 481 U.S. 736 (1987)) (per curiam), the Fifth Circuit had invoked the concurrent sentence doctrine and declined to review one of the petitioner's two convictions on direct appeal for possession of cocaine with intent to distribute because the sentences on the two counts of possession were concurrent. The Supreme Court vacated the decision, holding that the petitioner was not serving concurrent sentences because the district court had imposed a $50 special assessment on each of the three counts on which the defendant has been convicted. ***Ray***, 481 U.S. at 737. Therefore, ***Ray*** establishes that, when a court orders a defendant to pay a special assessment for each of several counts of conviction, the sentences are not concurrent, and the "concurrent

sentence" doctrine cannot be used to avoid appellate review of each count of conviction. However, the applicability of the concurrent sentence on direct appeal is distinct from the question of collateral review presented in this § 2241 petition and the savings clause exceptions set forth in *In re Jones* and *Wheeler*. As noted above, the petitioner cannot demonstrate that his conviction for conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count One) is invalid, nor can he demonstrate that his other six convictions for drug charges are invalid. Therefore, none of the case law advanced by the petitioner with respect to his special assessments and concurrent sentencing satisfies the savings clause of § 2255.

Finally, to the extent that the petitioner may be alleging that his $100 special assessment for each of his 25 counts of convictions is a violation of double jeopardy, the same is again without merit. The petitioner was convicted of 25 felonies, and pursuant to 18 U.S.C. § 3013(a)(2)(A) was subject to a special assessment on each count. Furthermore, while a special assessment is an element of a sentence, it does not increase the term of imprisonment. Accordingly, the undersigned concludes that the decision in *Wheeler*, which permits a petitioner to challenge his sentence in a § 2241 did not contemplate the imposition of fines, restitution, or special assessments.[3]

In conclusion, because the petitioner cannot satisfy the savings clause of § 2255(e), his claim may not be considered under § 2241, and this Court is without

---

[3] Although a prisoner can challenge the Inmate Financial Restitution Program in a § 2241 petition, the petitioner is not making such a challenge. Moreover, the obligation to pay a special assessment ceases five years after the date of the judgment. The payment records from the district of conviction establish that the petitioner satisfied $475 of the $2500 special assessment, and his payment obligation ended on April 22, 2019, five years after judgment was entered.

jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

### VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

**DATED**:  August 4, 2020

/s. *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE