**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**FELIX A. OKAFOR,**

        Petitioner,

v.

                                           **CIVIL ACTION NO. 5:20-CV-121**
                                           Judge Bailey

**BRYAN M. ANTONELLI,** Warden,

        Respondent.

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 5]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on August 4, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate who is incarcerated at USP Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on June 22, 2020, pursuant to 28 U.S.C. § 2241 challenging both his conviction and the execution of his sentence in the Eastern District of North Carolina. On April 10, 2014, petitioner was sentenced to ninety-seven (97) months as to Counts One, Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-two, and Twenty-four, to run concurrently; sixty (60) months as to Count Five to run consecutively; and three-hundred (300) months as to Counts Seven, Nine, Eleven, Thirteen, Fifteen,

Seventeen, Nineteen, Twenty-one, Twenty-three, and Twenty-five, each to run consecutively, for a total term of imprisonment of 3157 months. According to the BOP website, petitioner's projected release date via a good conduct time is currently November 12, 2234. **See** bop.gov/inmateloc/.

In his petition, petitioner attacks both his conviction and sentence. Relying on *United States v. Davis*, 139 S.Ct. 2319 (2019) and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), petitioner alleges that conspiracy is not a crime of violence, and therefore, his 924(c) conviction must be vacated. Petitioner also alleges that the District Court's "execution of [his], current sentences and the subsequent imposition of financial penalties, including a statutory mandated special assessment on each counts of the conviction renders [his] sentence not truly concurrent." [Doc. 1 at 7]. For relief, petitioner states three grounds. First, he requests that his 924(c) conviction be vacated "that was predicated on the conspiracy conviction." [Id. at 9]. Second, he requests that his concurrent sentences, Counts Two, Three, Four, Six, Eight, Ten, Twelve, Fourteen, Sixteen, Eighteen, Twenty, Twenty-two, and Twenty-four, be vacated "because the imposition of the concurrent sentence and the subsequent imposition of the mandatory special assessment rendered the 'execution' of the sentences on each of the count of conviction not truly concurrent and inapplicable." [Id.]. Third, petitioner requests a vacatur of the special assessment. [Id.].

On August 4, 2020, Magistrate Judge Mazzone issued his R&R. The magistrate judge found that because the petitioner cannot satisfy the savings clause of § 2255(e), his claim may not be considered under § 2241 due to the fact this Court is without jurisdiction to consider his petition. [Doc. 5 at 11-12]. Accordingly, the R&R recommends the petition be denied and dismissed without prejudice. [Id. at 11].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 7] on August 17, 2020. Accordingly, this Court will review the portions of the R&R to which objection

was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.  However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention.  28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).  The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention.  *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).  In the Fourth Circuit, a § 2255 petition is only inadequate or ineffective to test the legality of detention when:

(1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

Here, the magistrate judge found that petitioner is not entitled to application of the savings clause because  he misconstrues the import of *Davis* and *Simms*.  [Doc. 5 at 8].

Accordingly, because the § 2241 petition is unable to satisfy the savings clause of § 2255, this Court must dismiss the habeas motion for lack of jurisdiction.  [Id. at 11].

On August 17, 2020, petitioner filed his objections [Doc. 7].  Most of the document merely reiterates the arguments already asserted in the petition and asserts that this Court has jurisdiction over the petition.  Petitioner makes four (4) objections with regard to the execution of his sentence.  First, petitioner argues that his challenge to the execution of his sentence satisfies the savings clause and this Court does have jurisdiction to "entertain petitioner's 28 U.S.C. § 2241 petition."  [Doc. 7 at 3].  Petitioner relies on *In re Jones* and *Wheeler* to argue that he is "challenging the EXECUTION of his sentence and not the validity of his conviction or sentence . . . ."  [Id.].  Second, petitioner states that he disagrees with Magistrate Judge Mazzone's finding that "the 'concurrent sentence' doctrine cannot be used to avoid appellate review of each count of conviction."  [Id.].  Petitioner states that he is not challenging the validity of his conviction nor the validity of his sentence but is challenging the execution of his sentence, i.e., the concurrent sentence.  [Id.].  Third, petitioner objects to Magistrate Judge Mazzone's ruling that "to the extent that the petitioner may be alleging that his $100 special assessment for each of his 25 counts of convictions is a violation of double jeopardy, the same is again without merit."  [Doc. 5 at 10].  Petitioner again states that he is challenging the "execution of [his] sentence in a manner contrary to law and not the legality of [the] sentence."  [Doc. 7 at 5, 6].  Fourth, petitioner states that he is not challenging the statutorily mandated special assessments but is challenging the execution of his concurrent sentence. [Id. at 6].  He states that if his challenge is successful, he "may be entitled to a vacatur of the corresponding sentences as well as the statutory mandated special assessments relating

to these convictions." [Id.].  As noted above, this Court must construe *pro se* filings liberally.  ***Haines v. Kerner***, 404 U.S. 520 (1972).  However, it is the petitioner who bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements.  *See **Hood v. United States***, 13 Fed. App'x. 72 (4th Cir. 2001).  Petitioner does not satisfy the savings clause of § 2255(e) because he does not challenge that the crimes for which he was convicted remain criminal offenses.  Accordingly, petitioner cannot meet the second prong of ***Jones*** and his objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 5]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the petitioner's objections **[Doc. 7]** are **OVERRULED**.  This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 25, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

6